A. C. DAUGHERTY, Trustee, and American Surety Company of New York, Appellants,

v.

Ira E. WHITE, Appellee.

No. 7481.

United States Court of Appeals Tenth Circuit.

July 31, 1964.

John R. Hickisch, Denver, Colo., H. Gayle Weller, Denver, Colo., was with him on the brief, for appellants.

Robert D. Inman, Denver, Colo., Dean C. Mabry, Trinidad, Colo., was with him on the brief, for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

This is an action in which appellants presented to the District Court for the District of Colorado their potential liability under two surety bonds issued under 7 U.S.C. § 204, 57 Stat. 422, presently a provision of the Packers and Stockyards Act. One bond named Trinidad Livestock Commission Company as principal in that company's capacity as a Registered Market Agency; the other bond named Trinidad as principal in its capacity as a Registered Dealer. The action sought declaratory relief, 28 U.S.C. § 2201, became laced with aspects of interpleader, and named as defendants numerous claimants under one or both bonds. This appeal questions the judgment of the trial court only as it holds the claim of appellee White to be valid against the market agency bond.

Trinidad is a Colorado corporation with livestock yards at Trinidad, Colorado, and was authorized by registration under the Packers and Stockyards Act to transact purchases and sales of livestock in the capacity of a market agency and in the capacity of a dealer. By definition, a market agency is a person buying or selling livestock upon a commission basis or furnishing stockyard services and a dealer is one who, not being a market agency, buys or sells for his own account or as agent for the buyer or seller. 7 U.S.C. § 201, 42 Stat. 163, as amended. On July 22, 1960, Trinidad, by phone, directed appellee White, who is a registered dealer at the Fort Worth, Texas, yards, to buy 95 head of cattle, ship the animals to one Richards at Yuma, Arizona, with freight prepaid, and upon consummation to bill Trinidad for the full amount with White's commission added. After completing the transaction, White drew a draft upon Trinidad for the full amount, $10,007.94. Trinidad was then insolvent and the draft was not paid.

White's claim against Trinidad is not disputed and it is admitted that such claim is good against one of appellants' bonds. The issue is which one.[1] The trial court, holding that the transaction was consistent with a valid claim against either bond, allowed recovery against the bond most favorable to White, the market agency bond. Emphasis is placed upon the fact that Trinidad did not disclose to White in what capacity, market agency or dealer, it was acting. We think the judgment does not give full consideration to the regulations of the Department of Agriculture promulgated under the Act and consequently reverse the judgment.

We find nothing in the regulatory procedures applicable to transactions subject to the compulsion of the Packers and Stockyards Act that in any way inhibits Trinidad from consummating the instant transaction in the capacity of a registered

---

1. The issue is not academic for the dealer's bond is insufficient to pay all claims in full.

dealer. Acting as an agent for its Arizona customer, Trinidad could, in turn, utilize the services of White to effect the purchase. Although White was to receive a "commission" for his services the record indicates that such term is used without technical meaning in the trade in such regard and includes a dealer's markup, profit or clearing fee.

Regulations under the Act do have impact upon the subject transaction when considered under Trinidad's capacity as a market agency. Section 201.66, 9 C. F.R. § 201.66, provides in pertinent part that:

"No market agency engaged in * * purchasing livestock on a commission basis for the accounts of principals shall, * * * having accepted orders from buyers, and until the completion of the weighing of the livestock to buyers, utilize the services of packers or independently operated and separately registered dealers, or their employees, in the furnishing by such market agency of its services. * * *"

By the clear wording of this regulation Trinidad could not fill its Arizona order upon a commission basis through the utilization of White's services without being in violation of the regulation.

Under certain conditions a market agency may fill purchase orders from livestock consigned to it or purchase consigned stock for its own account for ultimate re-sale. But in each such instance the stock must first be offered at auction for sale or purchase. 9 C.F.R. §§ 201.56, 201.58, 201.59. No suggestion is here made that Trinidad purchased or sold after auction and, failing to do so, Trinidad could not fill its Arizona order from consigned stock without violating applicable regulations.

Since Trinidad's actions were lawful and consistent with regulatory practices in its capacity as a registered dealer and in violation of its registration as a marketing agent, the law will presume a course of right-doing. Hartford Acc. & Indem. Co. v. Baldwin, 8 Cir., 262 F.2d

202. It follows that appellee's claim should be limited to recovery under the dealer's bond.

The judgment is reversed with instructions to proceed accordingly.